IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRIS UMBERGER; | ) |
| | ) |
| Petitioner | ) Civil Action No. 15-1470 |
| | ) Judge Nora Barry Fischer/ |
| vs. | ) Chief Magistrate Judge Maureen P. Kelly |
| | ) |
| ALLEGHENY COUNTY; | ) |
| UNITED STATES WESTERN DISTRICT, PA; | ) |
| | ) |
| Respondents | ) Re:  ECF No. 3 |
| | ) |

# REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is recommended that the petition for mandamus be dismissed pre-service as legally frivolous as it seeks to have the United States District Court issue a writ of mandamus to state government actors, an action that a United States District Court has no authority to undertake.

## II. REPORT

Chris Umberger ("Petitioner"), a state prisoner, currently incarcerated in the Southwest Virginia Regional Jail ("SWVRJ") has sent to this Court a Petition for "Writ of Mandamus" (the "Petition") requesting the court to issue a writ of mandamus to "Allegheny County et al. Common Pleas Judge Manning." ECF No. 1, at 1. In the Petition, Petitioner complains of the fact that he was denied his constitutional rights in the Court of Common Pleas of Allegheny County in connection with his arrest for attempted retail theft which apparently occurred in Virginia. Petitioner complains that he was not present at hearings in the Court of Common Pleas of Allegheny County, and that his counsel also was not present. ECF No. 1-1 at 1. Petitioner

further complains that his rights under the Uniform Extradition Act were also violated. Id.

It appears that Petitioner was extradited to Virginia since the complained of proceedings in Allegheny County. By way of relief, Petitioner asks that "a mandamus be issued directing Judge David Cashman, Administrative Judge to appoint counsel and assign a judge to hear a writ of habeas corpus, in re: to his illegal arrest, detention and extradition." Id. at 2. Petitioner further "asks the Court to order the Allegheny County Common Pleas Court to do the job they are legal [sic] required to do." Id.

Pursuant to the screening provisions of the Prison Litigation Reform Act[1] and/or this Court's inherent power to control its own dockets,[2] the Court recommends that this Petition be dismissed pre-service as legally frivolous.

This mandamus Petition should be dismissed because it seeks an order compelling the Court of Common Pleas of Allegheny County and/or its judges to act as Petitioner deems they are obligated to under federal law. However, because federal courts have no authority to issue writs

---

[1] Because Petitioner is a prisoner who has been granted IFP status and/or because Plaintiff sues government employees, the screening provisions of the PLRA apply. See 28 U.S.C. § 1915(e) ("[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that – (A) the allegation of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."); 28 U.S.C. § 1915A ("[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.").

[2] See e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 46-47 (1991)(court's inherent power is not displaced by statutes); Stafford v. United States, 208 F.3d 1177, 1179 (10th Cir. 2000) ("we should impose the following filing restrictions using our inherent power to regulate federal dockets, promote judicial efficiency, and deter frivolous filings").

2

of mandamus to state officials, the Petition is legally frivolous. Noble v. Cain, 123 F. App'x 151, 152 (5th Cir. 2005) ("the remedy sought by Noble is in the nature of mandamus relief, which is not available to federal courts to direct state officials in the performance of their duties and functions"); In re Woodall, 578 F. App'x 73, 74 (3d Cir. 2014) ("Woodall asks us to exercise our mandamus jurisdiction to direct a *state* agency to perform its duties in accordance with his wishes. We do not have the authority to grant that request. *Cf. In re Wolenski*, 324 F.2d 309, 309 (3d Cir. 1963) (per curiam) (explaining that a district court 'had no jurisdiction' to 'issue a writ of mandamus compelling action by a state official')"); In re Jones, 28 F. App'x. 133, 134 (3d Cir. 2002) ("Jones is not entitled to relief. As stated above, she asks this Court to prohibit the State of Delaware from filing charges against her. The federal courts, however, have no general power in a mandamus action to compel action, or in this case inaction, by state officials."); Nelson v. South Carolina Dept. of Probation, Parole & Pardon Services, 230 F.3d 1353 (Table), 2000 WL 1455672, *1 (4th Cir. 2000)("we affirm on the district court's reasoning that federal courts cannot issue writs of mandamus to compel action by state officials or agencies.").

### III. CONCLUSION

For the foregoing reasons, the instant Petition should be dismissed as legally frivolous.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure

to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

/s/Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

Date: January 6, 2016

cc: Honorable Nora Barry Fischer
United States District Judge

CHRIS UMBERGER
SWVRJ 10708138
PO Box 535
Jaysi, VA 24256-0535